UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
BETHPAGE WATER DISTRICT,

                Plaintiff,

  –  against –

NORTHROP GRUMMAN CORPORATION and
NORTHROP GRUMMAN SYSTEMS
CORPORATION,
                Defendants.

---------------------------------------------------------------x

No. 2:13-cv-06362-SJF-SIL

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR A STAY OF DISCOVERY

Mark A. Chertok
Elizabeth Knauer
SIVE, PAGET & RIESEL, P.C.
460 Park Avenue
New York, New York 10022
(212) 421-2150

*Attorneys for Defendants Northrop Grumman Corporation and Northrop Grumman Systems Corporation*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................................1

ARGUMENT..............................................................................................................................2

    POINT I
    THE STANDARD OF REVIEW ....................................................................................2

    POINT II
    A STAY IS WARRANTED PENDING RESOLUTION
    OF THE MOTION TO DISMISS....................................................................................3

        A.  NG Has Made a Strong Showing that the Amended
            Complaint is Time-Barred ..........................................................................3

        B.  BWD's Discovery Demands are Expansive and Burdensome ....................5

        C.  A Stay Would Not Unfairly Prejudice BWD...............................................7

CONCLUSION..........................................................................................................................9

## TABLE OF AUTHORITIES

**CASES**                                                                                                   **PAGE(S)**

Chesney v. Valley Stream Union Free Sch. Dist. No. 24,
236 F.R.D. 113 (E.D.N.Y. 2006) .................................................................................... 3

Freier v. Westinghouse Elec. Corp.,
303 F.3d 176 (2d Cir. 2002) ......................................................................................... 4

In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.,
725 F.3d 62 (2d Cir. 2013) ........................................................................................ 4, 5

In re Term Commodities Cotton Futures Litig.,
2013 WL 1907738 (S.D.N.Y. May 8, 2013) ................................................................ 7

Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.,
2009 WL 2777076 (S.D.N.Y. Sept. 1, 2009) ............................................................... 7

Landis v. N. Am. Co.,
299 U.S. 248 (1936) ..................................................................................................... 2

Richards v. N. Shore Long Island Jewish Health Sys.,
2011 WL 4407518 (E.D.N.Y. Sept. 21, 2011) ............................................................. 3

Salten v. Cty. of Suffolk,
2011 WL 5024307 (E.D.N.Y. Oct. 19, 2011) .............................................................. 3

Thomas v. New York City Dep't of Educ.,
2010 WL 3709923 (E.D.N.Y. Sept. 14, 2010) ..................................................... 2, 3, 7

United States v. Cty. Of Nassau,
188 F.R.D. 187 (E.D.N.Y.1999) .......................................................................... 3, 5, 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15(a)(1)(B) ................................................................................................ 8

Fed. R. Civ. P. 26(c) ..................................................................................................... 2, 3

N.Y. C.P.L.R. 214-c(2) (McKinney 2014) ................................................................. 3, 4, 5

PRELIMINARY STATEMENT

Defendants Northrop Grumman Corporation and Northrop Grumman Systems Corporation (collectively "NG") submit this memorandum of law in support of their Motion for a Stay of Discovery, pending the Court's decision on a fully dispositive motion that would render an extensive and burdensome discovery process wholly unnecessary and avoid the need for judicial resolution of any discovery disputes. This Court has identified three factors guiding its determination of whether to stay discovery pending a dispositive motion, each of which supports NG's request.

First, NG is likely to prevail on its Motion to Dismiss Plaintiff Bethpage Water District's ("BWD") Amended Complaint. As set forth in the Motion to Dismiss, and acknowledged in the Amended Complaint, BWD discovered the purported injury underlying its claims in "late 2009" but did not file suit until November 2013, well after the three-year statute of limitations under New York law had already expired. BWD's claims should therefore be dismissed based solely on the allegations in the Amended Complaint, without any need for discovery.

Second, the burdens of discovery are substantial. BWD has requested production of broad categories of documents and Electronic Stored Information ("ESI") spanning more than 80 years. In collecting documents in response to BWD's First Set of Requests for the Production of Documents, which in itself has entailed extensive effort, ND preliminarily identified more than 350,000 potentially responsive documents totaling approximately 3,000,000 pages. The review of those documents alone will require the retention of dozens of contract attorneys, in addition to the considerable resources that NG has already devoted to discovery. The volume of potentially responsive documents – and particularly ESI – will increase through additional scheduled collections, and, in the absence of a stay, the current discovery schedule may require NG to prepare for numerous depositions before a decision on the Motion to Dismiss is issued. For purposes of

comparison, this Court and others have previously found document demands covering 15 years' worth of records or encompassing 90,000 pages to be sufficiently burdensome to warrant a stay pending a motion to dismiss.

Third, the requested stay would not unfairly prejudice BWD.  NG initially moved to dismiss the Complaint on February 3, 2014, seeking to resolve this matter prior to the most expensive stages of discovery.  While that motion was fully submitted in March 2014, before reaching any decision the Court granted BWD the (unsolicited) opportunity to amend its Complaint, which BWD elected to do on July 7, 2014.  NG has since served its Motion to Dismiss the Amended Complaint, which will be fully submitted next month.  In light of the operative scheduling order, however, NG has already been required to commence extremely broad document review, and a stay would protect both sides from the mounting burdens of discovery until the Court has had a chance to determine whether such efforts are necessary.  BWD waited until it was already too late to bring this action and thus cannot claim prejudice by a short additional delay in the unlikely event the Amended Complaint is not dismissed.  Finally, the stay would not present any threat to BWD's water supply or any prejudice to the purely monetary relief that BWD demands in the Amended Complaint.

For the foregoing reasons, set forth in greater detail below, a stay of discovery is warranted.

ARGUMENT

POINT I

THE STANDARD OF REVIEW

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  "This power has been codified in Rule 26(c) of the Federal Rules of Civil Procedure, pursuant to which 'a court

has discretion to stay discovery 'for good cause shown.'" Thomas v. New York City Dep't of Educ. ("Thomas"), 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (citations omitted).  See also Salten v. Cty. of Suffolk, 2011 WL 5024307 (E.D.N.Y. Oct. 19, 2011) (Feuerstein, J.) (granting stay of discovery pending resolution of motion to dismiss).

In determining whether a stay of discovery is appropriate, this Court will consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (citation omitted); Richards v. N. Shore Long Island Jewish Health Sys. ("Richards"), 2011 WL 4407518, at *1 (E.D.N.Y. Sept. 21, 2011).  Each of these factors – interpreted to serve "[t]he interests of fairness, economy, and efficiency" – militates in favor of a stay pending resolution of NG's Motion to Dismiss.  See United States v. Cty. of Nassau ("Cty. of Nassau"), 188 F.R.D. 187, 188-89 (E.D.N.Y.1999).

POINT II

A STAY IS WARRANTED PENDING RESOLUTION OF THE MOTION TO DISMISS

A.   NG Has Made a Strong Showing that the Amended Complaint is Time-Barred

As set forth in NG's August 11, 2014 Memorandum of Law in support of the Motion to Dismiss the Amended Complaint (the "Motion Brief"), all of the claims asserted by BWD in this matter are barred by the applicable, three-year statute of limitations established under New York Civil Practice Law and Rules ("CPLR") § 214-c(2).  NG respectfully refer the Court to its Motion Brief for a detailed recitation of NG's arguments, which are summarized only briefly herein.[1]

---

[1] The Motion Brief, pursuant to the Court's bundle rule, will be filed via ECF when the Motion to Dismiss is fully briefed.  For the convenience of the Court, a copy of the Motion Brief is attached to the accompanying Declaration of Mark A. Chertok as Exhibit A.

3

As stated in the Amended Complaint: "[BWD] … brings this action against Defendants for damages for expenses incurred to install new water treatment and to upgrade existing treatment technologies [in order to]… to forestall a water quality emergency and attendant irreparable harm created by contamination of soil and groundwater in Bethpage, New York." (Am. Compl. ¶ 1.) BWD asserts that it discovered this alleged "water quality emergency" – a plume of volatile organic compound ("VOC") contamination up-gradient from two of BWD's supply wells (Well Field No. 4) – in 2009 (see Am. Compl. ¶ 48), although public records reveal that BWD had knowledge of such plume and began planning for the treatment measures for which it now seeks compensation in 2008. (See Declaration of Mark A. Chertok dated August 25, 2014 ("Chertok Decl.") Exhibit ("Ex.") A at 8-11.)[2] BWD proceeded to engineer, design and seek funding for such treatment measures – as well as for the installation of a new supply well – in 2009. (See id. at 9.) However, BWD did not commence the above-captioned litigation until November 2013. (See generally Doc. No. 2.)

Under New York law,[3] where property damage due to exposure to harmful chemicals is alleged, a claim must be brought within three years of the date on which the injury was discovered or reasonably should have been discovered. CPLR § 214-c(2). See also In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig. ("In re MTBE"), 725 F.3d 62, 111 (2d Cir. 2013) ("Under New York law, a plaintiff asserting a toxic-tort claim must bring suit within three years of discovery (or constructive discovery) of its injury.") In the context of drinking water contamination, the Second Circuit has held that the statute of limitations under CPLR § 214-c(2)

---

[2] To the extent that the Motion Brief references the Declaration of Aaron Gershonowitz, dated Jan. 29, 2014 ("Gershonowitz Decl.") and its accompanying exhibits, that Declaration has been filed as Doc. No. 18, in support of NG's motion to dismiss the original Complaint.

[3] The limitations period in diversity actions in federal court is governed by state law, to the extent that, as is the case here, it is not preempted by federal law. Freier v. Westinghouse Elec. Corp., 303 F.3d 176, 183 (2d Cir. 2002).

accrues when "a reasonable water provider . . . would treat the water to reduce the levels or minimize the effects" of a contaminant.  In re MTBE, 725 F.3d at 107.

BWD admits that it discovered the alleged harm to its drinking water supply and determined that "emergency" corrective action was required in "late 2009." BWD's claims thus accrued no later than that date, and the three-year statute of limitations under CPLR § 214-c expired in "late" 2012.  Because BWD did not file suit until November 2013, all of the claims asserted in this action are time-barred.  BWD's allegations that NG's consultant disagreed with BWD's 2009 "emergency" determination, and those concerning the State's subsequent assessment of the VOC plume, are immaterial to this analysis, as the statute of limitations runs from "the date of discovery of the injury by the plaintiff," not an adverse party or state regulator's confirmation of such harm.  See CPLR § 214-c(2) (emphasis added).  (See also Motion Brief at 17-18.)[4]  NG has thus established a likelihood of success on its statute of limitations defense, supporting its motion for a stay of discovery.  See Richards, 2011 WL 4407518, at *1 (granting stay of discovery where plaintiff's claims appeared to be untimely); Cty. of Nassau, 188 F.R.D. at 188 (E.D.N.Y. 1999) (granting stay where "the issue raised [on a motion to dismiss] is strictly one of law and does not involve issues relating to the 'sufficiency of the allegations.'")

B.   BWD's Discovery Demands are Expansive and Burdensome

While no discovery is required to decide NG's Motion to Dismiss, in the absence of a stay, NG will be faced with far-reaching, burdensome, and likely futile discovery obligations before that dispositive motion can be considered by the Court.

---

[4] Although BWD have not yet served its opposition to NG's Motion to Dismiss the Amended Complaint, the Amended Complaint principally added material included in BWD's opposition to NG's prior Motion to Dismiss the original Complaint, and it can be anticipated that BWD's response to the statute of limitations defense will be the same as set forth in their opposition papers.  Therefore, Defendants' Motion Brief anticipates and responds to those arguments.

BWD posits as the source of its injuries contamination resulting from manufacturing operations extending back to the 1930s on an industrial Navy aircraft manufacturing site covering more than 600 acres. As BWD has previously acknowledged: "Voluminous documents have been generated regarding the contamination that BWD alleges is at issue in this action." (Joint Mem. of Law in Supp. of Mot. for Reconsideration ("Reconsideration Br.") at 2) (Doc. No. 30-1). In its First Set of Requests for the Production of Documents, BWD has demanded numerous sets of "documents, reports, surveys, studies and correspondence … from 1930 to the present." (See Chertok Decl. Ex. B.) NG's preliminary assessment of documents collected to date has identified more than 350,000 documents, totaling approximately 3,000,000 pages, that will require review for responsiveness to BWD's initial requests. The screening of these documents will require the retention of dozens of contract attorneys, in addition to the considerable resources that NG has already devoted to discovery in this matter. (Id. at ¶ 4.) As discovery proceeds, a significant amount of additional documents will need to be collected from numerous custodians and produced. (Id.) The production of documents, as this Court is aware, entails the collection, searching, processing, and review for relevancy and privilege of each potentially responsive document, whether it be a report, spreadsheet, letter, or email. Due to the discovery schedule set by the Court, this burdensome process is already underway, and the production of the documents collected to date will cost NG many hundreds of thousands of dollars. (Id. at ¶ 5.) Furthermore, numerous depositions are anticipated, in light of the number of individuals referenced in the parties' Initial Disclosures (which identified more than two dozen persons with potentially relevant information). (Id. at ¶ 6) Given the requirement to complete all fact discovery by January 16, 2014 (Doc. No. 31) and the fact that the Motion to Dismiss will not be submitted until September 2014, the parties

may be obligated to move forward with preparing for and possibly taking some of such depositions before that motion is decided.

This Court has previously held that the breadth and burden of discovery "weigh[ed] heavily in favor of [a] stay" where a plaintiff's discovery demands spanned "a fifteen-year period …" See Thomas, 2010 WL 3709923, at *3-4 (E.D.N.Y. Sept. 14, 2010). See also Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc., 2009 WL 2777076 at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay to "avoid the need for costly and time-consuming discovery" that "will cover a six-year period and will cover Honeywell's multiple distributors in the New York City area.") Similarly, the Southern District of New York cited the burden of reviewing and redacting "over 90,000 pages," in granting a stay pending resolution of a motion to dismiss. In re Term Commodities Cotton Futures Litig., 2013 WL 1907738, at *6 (S.D.N.Y. May 8, 2013). In contrast, BWD's initial discovery demands require NG to review hundreds of thousands of documents spanning an 84-year period – a burden several times greater than those decisions where courts have granted motions to stay. A stay is thus warranted to defer this substantial discovery burden until the Court has had a chance to decide whether the litigation may be resolved without it. Cty. of Nassau, 188 F.R.D. at 188 (granting stay where "motion [to dismiss] if successful, is dispositive of the entire action.")

C.  A Stay Would Not Unfairly Prejudice BWD

Finally, NG's request for a stay would not unfairly prejudice BWD, which would also be spared the burden of potentially unnecessary discovery for the duration of the stay.

NG initially served its Motion to Dismiss BWD's Complaint on February 3, 2014, and that motion was fully submitted for the Court's consideration on March 24, 2014. (Doc. No. 18.) BWD declined to amend the Complaint in light of that motion pursuant to FRCP 15(a)(1)(B). At the time, the parties contemplated that the motion would be decided "before the most expensive aspects of

7

discovery proceeded in earnest," and submitted a Rule 26(f) Discovery Plan to that effect on March 28, 2014.  (See Reconsideration Br. at 3) (Doc. No. 30-1).

Without deciding that Motion to Dismiss, however, on June 9, 2014, the Court, sua sponte, stayed the motion and granted BWD until July 9, 2014 to amend its Complaint. (Doc. No. 26.) Two days before the deadline, BWD filed an Amended Complaint that essentially added factual allegations that had been included in BWD's opposition to the first motion, although NG had not argued on reply that such facts should not be considered because they were not pled in the Complaint.  NG's Motion to Dismiss the Amended Complaint will be fully submitted to the Court in September 2014.  (See Doc. No. 36.)  Given the hundreds of thousands of documents and millions of pages involved, "the most expensive aspects of discovery" are already at hand.

The requested stay would not materially delay this litigation, but would merely allow for the consideration of a dispositive motion – initially filed five months ago – before both parties expend additional resources on far-reaching and burdensome discovery.  Having waited more than four years since it admits discovering the alleged "water quality emergency" before filing suit, BWD would suffer no prejudice from a brief stay while the Court rules on NG's renewed Motion to Dismiss.

Finally, as BWD has already added treatment facilities to its allegedly affected Well Field No. 4 and has secured funding for the replacement well field that it initially proposed in 2009, the stay would present no threat to BWD's water supply.  BWD seeks purely monetary relief in this action, and would be able to pursue its full claim for such damages (including prejudgment interest) in the event the Motion to Dismiss was denied.

## CONCLUSION

For the foregoing reasons, NG respectfully requests that the Court grant its Motion for a Stay pending a decision on the Motion to Dismiss the Amended Complaint.

8

Dated: New York, NY
August 25, 2014

Respectfully Submitted,

/s/  Mark A. Chertok
Mark A. Chertok
Elizabeth Knauer
SIVE, PAGET & RIESEL, P.C.
460 Park Avenue
New York, New York 10022
(212) 421-2150
(212) 421-1891 (fax)

*Attorneys for Defendants Northrop Grumman Corporation and Northrop Grumman Systems Corporation*

9