# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
BETHPAGE WATER DISTRICT,

                Plaintiff,

                v.

NORTHROP GRUMMAN
CORPORATION and NORTHROP
GRUMMAN SYSTEMS
CORPORATION,

                Defendants.
-------------------------------------------------------x

Index No.:  2:13-CV-06362-SJF-WDW

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND ENVIRONMENTAL SAMPLING**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff Bethpage Water District requests that defendants Northrop Grumman Corporation and Northrop Grumman Systems Corporation respond to the following Requests for Production Of Documents And Environmental Sampling pursuant to the proposed Pretrial Scheduling Order filed with the Court on May 23, 2014, and subject to any agreements among the parties governing the form for the production of documents, including production in electronic format, and for the collection and sharing of environmental sampling data.

## DEFINITIONS

The definitions for the terms "communication," "document," "identify (with respect to persons)," "identify (with respect to documents)," "parties," "person" and "concerning" as set forth in Rule 26.3(c) of the Local Rules of the United

1

# EXHIBIT B

States District Courts For The Southern And Eastern Districts Of New York ("Local Rules") are incorporated here by reference. In addition, the rules of construction applicable to the use of "all/any/each," "and/or" and "number" as set forth in Rule 26.3(d) of the Local Rules are incorporated here by reference. Moreover, the following terms used in the following requests have the meanings, inclusions and/or constructions set forth below unless otherwise stated:

1. "BWD" means Bethpage Water District.

2. "Defendants" means Northrop Grumman Corporation and Northrop Grumman Systems Corporation, and their subsidiaries, affliates, successors in interest and predecessors in interest, including but not limited to Northrop Corporation, Grumman Aircraft Engineering Corporation and Grumman Aerospace Corporation, their former and present officers, directors, employee partners, corporate parents, agents, representatives, managers, insurance companies, attorneys, accountants, investigators, independent contractors and consultants.

3. "Site" means the property and facilities on approximately 600 acres in east-central Nassau County, formerly known as the Grumman Aerospace-Bethpage Facility Site, and including the Northrop Grumman – Bethpage Facility, the Naval Weapons Industrial Reserve Plant – Bethpage ("NWIRP") and the Grumman Steel Los Site.

4. "Chemicals At Issue" means the chemicals that are known to date, including but not limited to volatile organic compounds ("VOCs"), such as trichloroethylene ("TCE") and its breakdown products, radium-226 and radium-228, and perchlorate, that have been and are contaminating the aquifer which supplies BWD's drinking water wells.

## INSTRUCTIONS

1. In the event the request is one to which Defendants object, the reasons for the objection shall be stated with reasonable particularity.

2. With respect to any category of documents which Defendants contend is in some way "burdensome" or "oppressive," state the specific reasons for such objection.

3. If Defendants are not in possession, custody or control of any documents described in any one or more of the following requests, a written statement that Defendants are not in possession, custody or control of any such documents and the name and address of the person who has possession, custody or control of any such documents is a sufficient response to the request. However, production of such documents shall be required if possession, custody or control of the same is in or with any of Defendants' agents, employees, servants, contractors, representatives, corporate parents, subsidiaries or affiliates.

4. If Defendants' response to any request should make reference, in whole or in part, to, or require the use of, data, information or records contained in any computerized form, please indicate the extent to which the responses relied on such data and attach a partial or whole copy of the record.

5. Documents produced shall be organized and designated to correspond to the categories in the request or produced as they are kept in the usual course of business.

6. If any document is withheld from production on the basis of a claim of privilege or work product protection, please provide, for each such document, a description sufficiently detailed to allow Plaintiff to evaluate the legitimacy of Defendants' claim of privilege.

7. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these requests shall be deemed continuing so as to require supplemental responses if the responding party obtains further information between the time a response is served and the time of trial. Such supplemental responses shall be served from time to time and promptly after such information is obtained. When providing supplemental responses to these requests with lettered or numbered subparagraphs, the answers should be presented in separate lettered or numbered subparagraphs, corresponding to the subparagraphs of the request.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

BWD requests that the Defendants produce the following documents:

## REQUEST FOR PRODUCTION NO. 1:

All documents, reports, surveys, studies and correspondence in the possession, custody or control of Defendants concerning the following topics:

a.  Contamination of groundwater by the Chemicals At Issue in the area of BWD's Plant No. 4;

b.  Remedial investigations and remedial measures concerning contamination of groundwater by the Chemicals At Issue in the area of BWD's Plant No. 4;

c.  BWD's proposed and actual treatment of, or additions to, Plant No. 4; and

d.  BWD's proposal for, and/or installation of, a new well on South Park Drive in the Town of Oyster Bay.

## REQUEST FOR PRODUCTION NO. 2:

All documents, reports, surveys, studies and correspondence provided to and/or obtained from the New York State Department of Environmental Conservation concerning the following topics:

a.  Contamination of groundwater by the Chemicals At Issue in the area of BWD's Plant No. 4;

b.  Remedial investigations and remedial measures concerning contamination of groundwater by the Chemicals At Issue in the area of BWD's Plant No. 4;

5

    c.    BWD's proposed and actual treatment of, or additions to, Plant No. 4; and

    d.    BWD's proposal for, and/or installation of, a new well on South Park Drive in the Town of Oyster Bay.

## REQUEST FOR PRODUCTION NO. 3:

Documents, reports, surveys, studies and correspondence provided to and/or obtained from the New York State Department of Health concerning the following topics:

    a.    Contamination of groundwater by the Chemicals At Issue in the area of BWD's Plant No. 4;

    b.    Remedial investigations and remedial measures concerning contamination of groundwater by the Chemicals At Issue in the area of BWD's Plant No. 4;

    c.    BWD's proposed and actual treatment of, or additions to, Plant No. 4; and

    d.    BWD's proposal for, and/or installation of, a new well on South Park Drive in the Town of Oyster Bay.

## REQUEST FOR PRODUCTION NO. 4:

Documents, reports, surveys, studies and correspondence provided to and/or obtained from the Nassau County Department of Health concerning the following topics:

    a.    Contamination of groundwater by the Chemicals At Issue in the area of BWD's Plant No. 4;

    b.    Remedial investigations and remedial measures concerning contamination of groundwater by the Chemicals At Issue in the area of BWD's Plant No. 4;

    c.    BWD's proposed and actual treatment of, or additions to, Plant No. 4; and/or

    d.    BWD's proposal for, and/or installation of, a new well on South Park Drive in the Town of Oyster Bay.

### REQUEST FOR PRODUCTION NO. 5:

Documents, reports, surveys, studies and correspondence provided to and/or obtained from the Town of Oyster Bay concerning the following topics, including public notices, transcripts, minutes and other documents referring to public hearings or meetings held by the Town of Oyster Bay:

    a.    Contamination of groundwater by the Chemicals At Issue in the area of BWD's Plant No. 4;

    b.    Remedial investigations and remedial measures concerning contamination of groundwater by the Chemicals At Issue in the area of BWD's Plant No. 4;

    c.    BWD's proposed and actual treatment of, or additions to, Plant No. 4;

    d.    BWD's proposal for, and/or installation of, a new well on South Park Drive in the Town of Oyster Bay; and/or

    e.    BWD's decision-making, financial expenditures and/or financing regarding Plant No. 4 and/or a new well on South Park Drive.

## REQUEST FOR PRODUCTION NO. 6:

Documents, reports, surveys, studies and correspondence provided to and/or obtained from BWD concerning the following topics:

a. Contamination of groundwater by the Chemicals At Issue in the area of BWD's Plant No. 4;

b. Remedial investigations and remedial measures concerning contamination of groundwater by the Chemicals At Issue in the area of BWD's Plant No. 4;

c. BWD's proposed and actual treatment of, or additions to, Plant No. 4;

d. BWD's proposal for, and/or installation of, a new well on South Park Drive in the Town of Oyster Bay; and

e. BWD's decision-making, financial expenditures and/or financing regarding Plant No. 4 and/or a new well on South Park Drive.

## REQUEST FOR PRODUCTION NO. 7:

Documents, reports, surveys, studies and correspondence provided to or obtained from H2M concerning the following topics:

a. Contamination of groundwater by the Chemicals At Issue in the area of BWD's Plant No. 4;

b. Remedial investigations and remedial measures concerning contamination of groundwater by the Chemicals At Issue in the area of BWD's Plant No. 4;

c. BWD's proposed and actual treatment of, or additions to, Plant No. 4;

d. BWD's proposal for, and/or installation of, a new well on South Park Drive in the Town of Oyster Bay; and

  e. BWD's decision-making, financial expenditures and/or financing regarding Plant No. 4 and/or a new well on South Park Drive.

## REQUEST FOR PRODUCTION NO. 8:

Documents, reports, surveys, studies and correspondence provided to and/or obtained from the United States Environmental Protection Agency, the United States Geological Survey, the offices of United States Senator Charles E. Schumer and the United States Navy concerning the following topics:

  e. Contamination of groundwater by the Chemicals At Issue in the area of BWD's Plant No. 4;

  f. Remedial investigations and remedial measures concerning contamination of groundwater by the Chemicals At Issue in the area of BWD's Plant No. 4;

  g. BWD's proposed and actual treatment of, or additions to, Plant No. 4; and

  h. BWD's proposal for, and/or installation of, a new well on South Park Drive in the Town of Oyster Bay.

## REQUEST FOR PRODUCTION NO. 9:

Documents, reports, surveys, studies and correspondence from or by BWD (including any of its agents or representatives) to, for or with any governmental entity regarding the quality of the water in BWD's Plant No. 4.

## REQUEST FOR PRODUCTION NO. 10

All documents, reports, surveys, studies and correspondence, from 1930 to the present, concerning the environmental fate and transport of the Chemicals At Issue and effects on human health and welfare.

## REQUEST FOR PRODUCTION NO. 11

All documents, reports, correspondence, surveys and studies, from 1930 to the present, concerning the vulnerability of sensitive receptors in the vicinity of the Site. For the purposes of this request, "sensitive receptors" refers to water wells, surface water bodies, aquifers or other environmental or ecological receptors that could be susceptible to contamination by the Chemicals At Issue.

## REQUEST FOR PRODUCTION NO. 12

All documents, reports, surveys, studies and correspondence, from 1930 to the present, concerning the proper or improper use, storage and disposal of the Chemicals At Issue at the Site.

## REQUEST FOR PRODUCTION NO. 13

All documents, reports, surveys, studies and correspondence, from 1930 to the present, concerning the detection and prevention of releases or discharges of the Chemicals At Issue at the Site.

### REQUEST FOR PRODUCTION NO. 14

All documents, reports, surveys, studies and correspondence, from 1930 to the present, concerning requirements for the proper use, storage and disposal of the Chemicals At Issue at the Site imposed by applicable local, state and federal laws.

### REQUEST FOR PRODUCTION NO. 15

All documents, reports, surveys, studies and correspondence, from 1930 to the present, concerning requirements for the detection and prevention of releases or discharges of the Chemicals At Issue at the Site imposed by applicable local, state and federal laws.

### REQUEST FOR PRODUCTION NO. 16

All documents, reports, surveys, studies and correspondence, from 1930 to the present, concerning the impact on public or private drinking water supplies and/or wells caused by contamination by the Chemicals At Issue.

### REQUEST FOR PRODUCTION NO. 17

All documents, reports, surveys, studies and correspondence, from 1930 to the present, concerning instructions or warnings Defendants provided to any person about the proper or improper use, storage and disposal of the Chemicals At Issue at the Site.

## REQUEST FOR PRODUCTION NO. 18

All documents, reports, surveys, studies and correspondence, from 1930 to the present, concerning instructions or warnings Defendants provided to any person about the detection and prevention of releases or discharges of the Chemicals At Issue at the Site.

## REQUEST FOR PRODUCTION NO. 19

All documents and correspondence concerning instructions or warnings Defendants provided to any person concerning disposal and/or discharge of the Chemicals At Issue and the possible effects on the environment and human health.

## REQUEST FOR PRODUCTION NO. 20

All documents and correspondence concerning any trade association, industry group or lobbying group or persons of which Defendants were or are members, supporters, founders or in which Defendants otherwise participate(d), from 1930 to the present, about the proper or improper use, storage and disposal of the Chemicals At Issue.

**REQUEST FOR PRODUCTION NO. 21**

All documents and correspondence concerning any trade association, industry group or lobbying group or persons of which Defendants were or are members, supporters, founders or in which Defendants otherwise participate(d), from 1930 to the present, about the detection and prevention of releases of the Chemicals At Issue.

**REQUEST FOR PRODUCTION NO. 22**

All documents and correspondence concerning any trade association, industry group or lobbying group or persons of which Defendants were or are members, supporters, founders or in which Defendants otherwise participate(d), from 1930 to the present, about the impacts or possible impacts of the Chemicals At Issue on human health and the environment.

**REQUEST FOR PRODUCTION NO. 23**

All documents, reports, surveys, studies and correspondence reviewed, considered and/or used by the persons assisting in answering these Requests to determine the facts related to any issue set forth above.

**REQUEST FOR PRODUCTION NO. 24:**

All documents concerning Defendants' document retention policies and procedures for all documents about the Chemicals At Issue and/or the manufacturing processes and operations that used the Chemicals At Issue at the Site, from 1930 to the present.

**REQUEST FOR PRODUCTION NO. 25:**

All documents, reports, correspondence, surveys and studies that Defendants may use to support their defenses in this action, including but not limited to the defense that BWD's claims may be barred by the applicable statute of limitations.

**REQUEST FOR PRODUCTION NO. 26**

All documents, reports, surveys, studies and correspondence used by Defendants to respond to Plaintiff's First Set of Interrogatories.

**REQUEST FOR ENVIRONMENTAL SAMPLING**

Pursuant to Rule 34(a)(2) of the Federal Rules of Civil Procedure, BWD requests that Defendants provide full access to their monitoring wells which are included in the OU-2 and OU-3 monitoring well network, now and in the future, without any restrictions on water quality parameters, for pumping, sampling,

testing, photographing and analysis of the water from the wells, subject to any agreements among the parties governing the collection and sharing of environmental sampling data.

Dated: New York, New York
       May 29, 2014

                         By:   /s/ *Curt D. Marshall*
                                Robin L. Greenwald, Esq.
                                Curt D. Marshall, Esq.
                                WEITZ & LUXENBERG, P.C.
                                700 Broadway
                                New York, NY  10003
                                Telephone:  212-558-5500
                                Facsimile:  212-344-5461

                                *Attorneys for Plaintiff*

## **Certificate Of Service**

I hereby certify that on May 29, 2014 a true and accurate copy of the foregoing *Plaintiff's First Set Of Requests For Production of Documents And Environmental Sampling* was served via email and regular mail on the following:

Mark A. Chertok, Esq.
Elizabeth Knauer, Esq.
Sive, Paget & Riesel, P.C.
460 Park Avenue
New York, New York 10022

*Attorneys for Defendants*

/s/ *Curt D. Marshall*
Curt D. Marshall