UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BETHPAGE WATER DISTRICT,

                Plaintiff,

        -against-

NORTHROP GRUMMAN CORPORATION and
NORTHROP GRUMMAN SYSTEMS
CORPORATION

                Defendants.
------------------------------------------------------------X

**ORDER**
13-CV-6362 (SJF)(WDW)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ DEC 03 2014 ★

FEUERSTEIN, J.

        Defendants Northrop Grumman Corporation and Northrop Grumman Systems Corporation (collectively "defendants" or "NG") have moved to dismiss plaintiff Bethpage Water District's ("plaintiff" or "BWD") amended complaint. [Docket Entry No. 43 ("Motion to Dismiss")]. Defendants have also moved to stay all discovery pending a decision on the Motion to Dismiss. [Docket Entry No. 53 ("Motion to Stay Discovery")]. Plaintiff opposes both the Motion to Dismiss and the Motion to Stay Discovery [Docket Entry Nos. 47, 56]. For the reasons that follow, defendants' Motion to Stay Discovery is granted in part and defendants' Motion to Dismiss is converted to a motion for summary judgment.

I.     Background

        On November 18, 2013, plaintiff initiated the instant action against defendants to recover "damages for expenses incurred to install new water treatment and to upgrade existing water treatment technologies...to forestall a water quality emergency and attendant irreparable harm" created by the release of "hazardous substances" at facilities owned and/or operated by defendants. [Docket Entry No. 27 ("Amended Complaint") ¶¶ 1-2]. Defendants moved to dismiss plaintiff's lawsuit, claiming it is "barred by the applicable three-year statute of limitations...under

1

New York Civil Practice Law and Rules ("CPLR") § 214-c(2)" because plaintiff discovered its alleged injury "no later than 2009." [Docket Entry No. 44 (Def. Mem. in Support of Motion to Dismiss), at 1]. Plaintiff opposes the Motion to Dismiss, arguing that a determination of "when a plaintiff water provider knew it had been injured and when it should have known about the injury is by definition a fact-intensive inquiry warranting denial of a motion to dismiss" [Docket Entry No. 47 (Pl. Opp. to Motion to Dismiss), at 1], and that in any event, its lawsuit is not time barred as "there was no injury as of November 18, 2010" (*id.* at 2) because as of that date, plaintiff "did not know if or when OU3 would reach Plant No. 4." *Id.*

Defendants also moved for a stay of discovery, alleging a stay is warranted because they are "likely to prevail on [their] Motion to Dismiss…the burdens of discovery are substantial…[and] the requested stay would not unfairly prejudice [plaintiff]." [Docket Entry No. 54 (Def. Mem. in Support of Motion to Stay Discovery), at 1-2]. In opposition, plaintiff argues that the Motion to Stay Discovery should be denied because "[defendants'] motion to dismiss should be denied and therefore [defendants] [have] not made a strong showing that BWD's claims are unmeritorious…the discovery involved in this case is not unduly broad or burdensome; and…the risk of unfair prejudice to BWD if a stay is granted is significant." [Docket Entry No. 56 (Pl. Opp. to Motion to Stay Discovery), at 1].

II. Discussion

    A. Standard of Review

Under Federal Rule of Civil Procedure 26(c), a district court may stay discovery "for good cause shown." Fed. R. Civ. P. 26(c). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). "The pendency of a dispositive motion is not,

2

without more, grounds for an automatic stay...[r]ather, a case-by-case analysis is required, since such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case." *Thomas v. New York City Dep't of Educ.*, No. 09-civ-5167, 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010) (internal citations and quotations omitted).

In determining whether to issue a stay, a district court considers "the nature and complexity of the particular case" (*id.*), as well as the following factors: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Rivera v. Inc. Vill. of Farmingdale*, No. 06-civ-2613, 2007 WL 3047089, at *1 (E.D.N.Y. Oct. 17, 2007) (citing *Port Dock and Stone Corp. v. Old Castle North East, Inc.*, No. 05-civ-4294, 2006 WL 897996 (E.D.N.Y. March 31, 2006)).

"[T]he discovery rules vest broad discretion in the trial court" (*H. L. Moore Drug Exch., Inc. v. Smith, Kline & French Labs.*, 384 F.2d 97, 97 (2d Cir. 1967)), including the power to direct partial discovery limited to certain issues pending resolution of dispositive motions. *See David Tunick, Inc. v. Kornfeld*, No. 91-civ-7027, 1993 WL 6211, at *2 (S.D.N.Y. Jan. 6, 1993) (staying the majority of discovery pending decision on defendants' motion to dismiss but permitting "limited discovery" on the issue of jurisdiction); *Spira v. Ashwood Fin., Inc.*, 371 F. Supp. 2d 232, 234-35 (E.D.N.Y. 2005) (staying "all discovery other than those pertaining to the issues involved in the parties' dispositive motions"); *Kanowitz v. Broadridge Fin. Solutions, Inc.*, No. 13-civ-649, 2014 WL 1338370, at *11-12 (E.D.N.Y. Mar. 31, 2014) (granting in part and denying in part motion to stay discovery pending disposition of an anticipated motion to dismiss to permit "limited, expedited discovery to bring closure to the jurisdictional issues presented").

3

B. A Partial Stay of Discovery is Warranted

Defendants have made an adequate showing of good cause to warrant the issuance of a partial stay of discovery. Defendants' Motion to Dismiss argues that plaintiff "commenced the instant action more than three years after it discovered the relevant contamination in the form of a VOC [Volatile Organic Compound] contamination plume upgradient from, and threatening to impact, Plant No. 4 and determined that the actions for which it now seeks compensation were necessary to protect its water supply." Def. Mem. in Support of Motion to Dismiss, at 2 (internal citations omitted). In opposition, plaintiff contends that, while it undisputedly "spent money and made plans prior to November 18, 2010, for additional Plant No. 4 treatment...what [it] knew about contamination from the OU3 plume, if and when the plume would impact Plant No. 4, whether the plume's 'hot' spot would ever reach Plant No. 4, and many more issues are in dispute." Pl. Opp. to Motion to Dismiss, at 20. Defendants respond by pointing to "public records [which allegedly] show that [plaintiff] believed as of 2009 that the subject contamination originated from OU3." Def. Mem. in Support of Motion to Dismiss, at 4. Without expressing any opinion as to the outcome of defendants' motion, the Court notes that defendants' motion raises a substantial issue–when plaintiff knew or should have known of its injuries–that is not frivolous, raises doubts as to the viability of plaintiff's claims and is potentially dispositive of the entire action. *See United States v. Cnty. of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999) (staying discovery where pending motion dismiss, "if successful, [would be] dispositive of the entire action"); *Giminez v. Law Offices of Hoffman & Hoffman*, No. 12-civ-0669, 2012 WL 2861014, at *2 (E.D.N.Y. July 11, 2012) (staying discovery where defendants "present[ed] substantial reasons for why plaintiffs' complaints should be dismissed and may very well be successful in their motions"); *Port Dock & Stone Corp.*, 2006 WL 897996, at *2 (staying discovery during pendency of motion to dismiss where "defendants raise[d] substantial issues with regard to the viability of

4

plaintiffs' complaint as against defendants [], and defendants' arguments [did] not appear to be frivolous or unfounded.").

While the amount of discovery in this case may be, as plaintiff suggests, "typical for a groundwater contamination case that has involved multiple agencies over a period of years" (Pl. Opp. to Stay of Discovery, at 11), the burdens of discovery are considerable, as evidenced by plaintiff's first document requests, some of which ask for documents dating "from 1930 to the present" [Docket Entry No. 55 (Declaration of Mark A. Chertok in Support of Defendants' Motion to Stay Discovery ("Chertok Dec.")), Ex. B (Plaintiff's First Document Requests)], and defendants' preliminary assessment identifying more than 350,000 documents, totaling approximately 3,000,000 pages for review. See Def. Mem. in Support of Motion to Stay Discovery, at 6. Furthermore, the parties anticipate "numerous depositions" (*id.*, *see also* Pl. Opp. to Stay of Discovery, at 11 ("[t]here will also be many depositions in this action")), as well as expert discovery (*see* [Docket Entry No. 31 (July 18, 2014 Order) (expert discovery to be completed by March 16, 2015 and expert reports exchanged by April 16, 2015)]). Thus, the breadth of discovery also weighs in favor of a partial stay of discovery. *See In re Term Commodities Cotton Futures Litig.*, No. 12-civ-5126, 2013 WL 1907738, at *6 (S.D.N.Y. May 8, 2013) (finding "90,000 pages is not an insignificant number of pages to review" and granting stay of discovery until resolution of the motion to dismiss); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-civ-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay of discovery to potentially "avoid the need for costly and time-consuming discovery" which "[would] cover a six-year period").

With respect to the last factor–the risk of unfair prejudice to the party opposing the stay– while plaintiff argues it will prejudiced by the imposition of a stay because "[w]ith the continued passage of time, memories fade and evidence becomes stale" (Pl. Opp. to Motion to Stay

5

Discovery, at 11), it has not provided any specific examples of evidence that may become stale or witnesses whose memories may fade during the stay. *See Novak v. Sally Frame Kasaks*, No. 96-civ-3073, 1996 WL 467534, at *1 (S.D.N.Y. Aug. 16, 1996) (finding plaintiffs failed to demonstrate sufficient cause for a departure from the Reform Act's mandatory stay of discovery where plaintiffs argued that without a stay "there [was] a 'great risk' that highly relevant evidence [would] be lost or destroyed and that undue prejudice [would] result" but "provided no evidence to bolster their wholly speculative assertions as to the risk of lost evidence and undue prejudice."). The risks of which plaintiff complains do not unfairly prejudice plaintiff, but rather are "usual litigation risks that affect all the parties equally, regardless of the amount of time permitted for discovery." *In re Term Commodities Cotton Futures Litig.*, 2013 WL 1907738, at *6 (granting stay of discovery upon finding that "plaintiffs' assertions that…witnesses' memories fade with the passage of time; and….relevant documents [could] [potentially] be destroyed by non-parties, are usual litigation risks that affect all the parties equally, regardless of the amount of time permitted for discovery" and thus plaintiffs "failed to demonstrate that a short delay in discovery [would] impose any unfair prejudice on them"). Thus, any marginal impact on the evidence and/or memories of witnesses does not outweigh the substantial burden and expense of conducting time-consuming fact and expert discovery on all issues in this case pending a decision on a potentially dispositive motion. *See ITT Corp. v. Travelers Cas. & Sur. Co.*, No. 12-civ-38, 2012 WL 2944357, at *3-4 (D. Conn. July 18, 2012) (granting stay of discovery because "discovery [would] be time-consuming, burdensome and expensive…[t]he defendant's motion [was] potentially dispositive and appear[ed] to have substantial grounds…[and] [t]he plaintiff's suggestion of prejudice" from a delay of discovery "because evidence might be lost" did "not countervail these considerations").

Upon consideration of the nature and complexity of this case, and the three above-mentioned factors, the Court finds a partial stay of discovery is warranted because "[d]efendant's motion to dismiss...is potentially dispositive, and appears to be not unfounded in the law" (*Gandler*, 1994 WL 702004, at *4), discovery on all issues other than when plaintiff was aware of its purported injury may prove "unnecessarily costly and burdensome" (*Rivera*, 2007 WL 3047089, at *1), and plaintiff's suggestion of unfair prejudice from a stay does "not countervail these considerations." *ITT Corp.*, 2012 WL 2944357, at *4.

All discovery, other than fact discovery related to the statute of limitations, including the issue of when plaintiff discovered, or should have discovered, the purported injury and/or the cause of the purported injury underlying its claims, is hereby stayed pending resolution of defendants' Motion to Dismiss, which the Court will convert to a motion for summary judgment. In support of the Motion to Dismiss, defendants have submitted, and the Court will consider, documents outside the pleadings, including letters between government agencies,[1] letters between plaintiff's consultant and government agencies,[2] and an email between plaintiff's counsel and defendants' counsel.[3] Therefore, the Motion to Dismiss will be converted to a motion for

---

[1] See *Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp. 2d 679, 692 (S.D.N.Y. 2011) (declining to take judicial notice of letters submitted from a town official to another town in ruling on a motion to dismiss).

[2] See *TADCO Const. Corp. v. Dormitory Auth. of State of New York*, 700 F. Supp. 2d 253, 261, n.1 (E.D.N.Y. 2010) (rejecting defendants' argument that letters exchanged between contractor and government agency could be considered on a motion to dismiss as public records because "Second Circuit precedent does not extend [that] far...district courts may take judicial notice of public disclosure documents required to be filed, and actually filed with the SEC, and public records such as case law and statutes, but it is not clear that this rule extends to the contents of a publicly filed letter from a state agency to its contractor").

[3] See *Estate of Axelrod v. Flannery*, 476 F. Supp. 2d 188, 201 (D. Conn. 2007) (finding letters between attorneys "clearly do not qualify as public records").

summary judgment limited to the issue of whether plaintiff's claims are time barred. *See* Fed. R. Civ. P. 12(d).

III. Conclusion

Based upon the foregoing, defendants' Motion for a Stay of Discovery is granted in part, and defendants' Motion to Dismiss is converted to a motion for summary judgment. It is hereby ordered that all expert discovery is stayed pending resolution of the motion for summary judgment, and all fact discovery is stayed pending resolution of the motion for summary judgment, with the exception of fact discovery related to the statute of limitations, including the issue of when plaintiff discovered, or should have discovered, the purported injury and/or the cause of the purported injury underlying its claims. Limited discovery on that issue is to be completed on or before February 6, 2015. Following completion of this limited discovery, the parties may supplement their motion papers with all material pertinent to the statute of limitations issue. *See Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008) ("When a district court converts a motion to dismiss into one for summary judgment, '[a]ll parties must be given a reasonable opportunity to present all material that is pertinent to the motion.'" (citing Fed. R. Civ. P. 12(d)). Defendants shall file any supplemental briefing to their motion for summary judgment, along with their Rule 56.1 statement, by March 6, 2015. Plaintiff shall file any supplemental opposition on the summary judgment motion, and its Rule 56.1 statement, by March 20, 2015. Defendants shall submit their reply by March 27, 2015.

**SO ORDERED.**

s/ Sandra J. Feuerstein

_____
Sandra J. Feuerstein
United States District Judge

Dated: December 3, 2014
Central Islip, New York

8