UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

BETHPAGE WATER DISTRICT,

FILED
CLERK
2/27/2015 3:53 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

Plaintiff,

**ORDER**
13-CV-6362 (SJF)(SIL)

-against-

NORTHROP GRUMMAN CORPORATION and
NORTHROP GRUMMAN SYSTEMS
CORPORATION

Defendants.
----------------------------------------------------------------X

FEUERSTEIN, J.

Plaintiff Bethpage Water District ("Plaintiff" or "BWD") has moved for leave to file a Second Amended Complaint. Docket Entry No. 66 ("Motion to Amend"). Defendants Northrop Grumman Corporation ("NG Corp") and Northrop Grumman Services Corporation ("NGS Corp", together with NG Corp, "Defendants") take no position with respect to the motion. Docket Entry Nos. 65, 66-3. For the reasons that follow, Plaintiff's Motion to Amend is granted and Defendants' pending motion for summary judgment [Docket Entry No. 43] is denied without prejudice to renewal of such motion after Plaintiff has filed the Second Amended Complaint.

I.      BACKGROUND

Plaintiff is a supplier of public drinking water to the hamlet of Bethpage, New York, and its surrounding towns. *See* Docket Entry No. 27 (Amended Complaint ("Am. Compl.")) ¶¶ 6-7. On November 18, 2013, Plaintiff commenced the instant action seeking to recover damages allegedly incurred in the course of preventing, treating, and remediating the contamination of its water supply by Defendants' release of hazardous substances. *See generally* Am. Compl. Specifically, Plaintiff alleged contamination in one of its groundwater pumping sites known as "Plant 4" by the introduction of volatile organic compounds and other contaminants released by Defendants during industrial operations. *See id.* ¶¶ 48-58.

1

Defendants moved to dismiss Plaintiff's Amended Complaint as time-barred, claiming that Plaintiff discovered the injury to Plant 4 in 2009 and therefore, the applicable three-year statute of limitations expired prior to the commencement of this action (*see* Docket Entry No. 43), and moved for a stay of discovery pending resolution of the motion to dismiss. *See* Docket Entry No. 53. On December 3, 2014, the Court partially stayed discovery pending resolution of Defendants' motion, except for limited fact discovery relating to the statute of limitations, "including the issue of when plaintiff discovered, or should have discovered, the purported injury and/or the cause of the purported injury underlying its claims," allowed the parties to supplement their motion papers following this limited discovery and converted Defendants' motion to dismiss into a motion for summary judgment. Docket Entry No. 63.

On December 10, 2014, Plaintiff moved for leave to file a Second Amended Complaint ("SAC") [Docket Entry No. 66], which is not limited to allegations relating to Plant 4, but adds allegations relating to "new contamination detected in 2014 that has impacted [Plaintiff's groundwater pumping sites known as "Plant 6."]. SAC ¶ 65. The SAC alleges that, "[i]n October 2014, the U.S. Navy informed BWD, for the first time, that results in 2014 from a monitoring groundwater well upgradient from Plant 6 show TCE levels as high as 4,600 ppb in groundwater 620 feet below grade." *Id.* ¶ 85. The proposed SAC alleges that Plaintiff has "complete[d] more than 1,000 tests" of the groundwater from Plant 6 and will be required to "expend additional money to monitor, test and treat" the water going forward. *Id.* ¶¶ 88, 90.

On or about December 24, 2014, Defendants' counsel submitted a declaration stating that "Defendants take no position with respect to Plaintiff's Motion to amend the Amended Complaint." Docket Entry Nos. 65, 66-3.

II.     DISCUSSION

      A.     Standard of Review

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend pleadings shall be "freely given when justice so requires."  Fed. R. Civ. P. 15.  "This permissive standard is consistent with our 'strong preference for resolving disputes on the merits.'" *Williams v. Citigroup*, 659 F.3d 208, 212-13 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).  The decision whether to grant or deny a motion to amend is made at the discretion of the Court, taking into consideration such factors as "futility, bad faith, undue delay, or prejudice to the opposing party."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  In making this determination, the Court should not consider the substantive merits of a claim or defense unless the proposed amendment is "clearly frivolous or legally insufficient on its face." *Sterling v. Interlake Indus. Inc.*, 154 F.R.D. 579, 589 (E.D.N.Y. 1994).  The party opposing an amendment has the burden of establishing prejudice or futility.  *Becket v. Village of Freeport*, No. 11-civ-2163, 2014 WL 1330557, at *5 (E.D.N.Y. Mar. 31, 2014) (collecting cases).

      B.     Plaintiff's Motion to Amend

Defendants do not oppose the Motion to Amend, and the Court finds that the proposed amendments in the SAC are not frivolous or legally insufficient, are related to the allegations in the Amended Complaint, and at this stage, do not appear futile given the detailed facts alleged by Plaintiff regarding the newly-discovered contamination emanating from the same site and the same activities of Defendants as the contamination at issue in the Amended Complaint.  *See Cuite v. Winthrop Univ. Hosp.*, No. 06-civ-6140, 2007 WL 2582135, at *4 (E.D.N.Y. Sept. 4, 2007) (granting motion to amend where "proposed amendments arise from essentially the same set of facts and would not fundamentally change the nature of the action."); *Banco Cent. Del Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01-civ-9649, 2003 WL 21543543, at *4 (S.D.N.Y. July

8, 2003) (proposed amendment not futile where party presented "more than enough evidence to demonstrate that its causes of action…are viable").

Additionally, the proposed SAC would not unduly prejudice Defendants as there has only been limited discovery to-date in this action, allowing the SAC will not "significantly delay the resolution of the dispute" (*see Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000)), and, as Plaintiff alleges, and Defendants do not dispute, that there has not been any undue delay or bad faith on the part of Plaintiff as the factual predicate for the new claims asserted in the proposed SAC arose in October 2014, and thus could not have been raised earlier. In the absence of any showing by Defendants of prejudice or bad faith, this Court will allow Plaintiff to amend its pleading. *See Aulicino v. New York City (Dep't of Homeless Servs.)*, No. 03-civ-2395, 2010 WL 2787548, at *2 (E.D.N.Y. July 14, 2010) ("in this Circuit, the general rule is 'to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.'" citing *Block v. First Blood Assoc.,* 988 F.2d 344, 350 (2d Cir. 1993)).

III.    CONCLUSION

Accordingly, Plaintiff's Motion to Amend is granted. Plaintiff is directed to serve and file the SAC on or before March 20, 2015. Defendants' pending motion for summary judgment is denied without prejudice to renewal after Plaintiff has filed the SAC.


**SO ORDERED.**

_____
Sandra J. Feuerstein
United States District Judge

Dated:  February 27, 2015
        Central Islip, New York

4