```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
BETHPAGE WATER DISTRICT,

                    Plaintiff,

       -against-                                              **ORDER**
                                                              13-CV-6362 (SJF) (AYS)
NORTHROP GRUMMAN CORPORATION
and NORTHROP GRUMMAN SYSTEMS
CORPORATION,

                    Defendants.
----------------------------------------------------------X
```

**FILED
CLERK**

3/31/2016 11:54 am

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

FEUERSTEIN, J.

On November 18, 2013, plaintiff Bethpage Water District (the "Water District" or "Plaintiff") commenced this action against defendants Northrop Grumman Corporation and Northrop Grumman Systems Corporation ("Defendants") seeking damages related to groundwater contamination. Docket Entry No. 1 (Compl.) at ¶ 1, Prayer for Relief. After Plaintiff filed a second amended complaint, Docket Entry No. 69 (Second Am. Compl.), Defendants moved for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 (the "Motion for Partial Summary Judgment"). Docket Entry No. 78 (Not. of Mot.). Before the Court are the parties' objections and responses to a report and recommendation dated February 29, 2016 by Magistrate Judge Anne Y. Shields (the "Report") recommending that the Motion for Partial Summary Judgment be granted in its entirety. Docket Entry Nos. 94 (Rep. and Rec.) at 30; 96 (Objections); 97 (Humann Decl. in Supp. of Objections); 99 (Corrected Objections); and 100 (Mem. in Supp. Rep. and Rec.). For the reasons stated below, the Court adopts the Report in its entirety, and Defendants' Motion for Partial Summary Judgment is granted.

**I.   DISCUSSION**

   **A.   *Standard of Review***

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." *Frankel v. City of New York*, Nos. 06-cv-5450, 07-cv-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are made. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. *See Johnson v. Goord*, 487 F. Supp. 2d 377, 379 (S.D.N.Y. 2007), *aff'd*, 305 F. App'x 815 (2d Cir. Jan. 9, 2009); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

   **B.   *The Parties' Objections and Responses*[1]**

The Report recommends that the Court grant Defendants' Motion for Partial Summary Judgment, because Plaintiff's New York state law claims for (i) nuisance, (ii) trespass, and (iii)

---

[1] The facts and procedural history underlying this action are set forth in the Report and are hereby incorporated by reference. *See* Docket Entry No. 94 (Rep. and Rec.) at 2-15.

negligence, regarding the Water District's "Plant 4" wells are time-barred pursuant to New York Civil Practice Law and Rules § 214-c(2) ("Section 214-c(2)"). Docket Entry No. 94 (Rep. and Rec.) at 1-2. Plaintiff's objections are that: (i) Section 214-c(2)'s three (3)-year statute of limitations period is triggered only when contaminants are "upon or within," *i.e.*, "actually *in*," Plant 4's wells, Docket Entry No. 99 (Corrected Objections ("Objections")) at 1; *see id.* at 3, 21; and (ii) as the contaminants have not entered those wells, the Water District has not suffered an "actual injury" as a matter of law, and the statute of limitations period has not yet started to run on its claims, *id.* at 3, 4 & n.1. Plaintiff also objects to Magistrate Judge Shields's reliance upon *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 725 F.3d 65 (2d Cir. 2013) ("*In re MTBE*"), to determine whether a plaintiff has suffered an "injury" as a matter of law. Docket Entry No. 99 (Corrected Objections) at 16. In its Objections, Plaintiff also submits new evidence alleging that the levels of radium in the groundwater "at" Plant 4 are elevated, and that Defendants' "property is the source of the radium contamination." *Id.* at 24-25; *see id.* at (i).

As correctly noted in Defendants' responses to Plaintiff's Objections: (i) the Water District's prior pleadings contradict its Objections, because its prior pleadings expressly concede that the contaminants have entered Plant 4's wells, Docket Entry No. 100 (Mem. in Supp. Rep. and Rec. (the "Responses")) at 3, 6-12; (ii) even if the contaminants are not actually "in" those wells, but only in the groundwater surrounding them, the Water District's action remains untimely pursuant to Section 214-c(2)'s statute of limitations period, *id.* at 20-21; (iii) Plaintiff misreads *In re MTBE*, which sets the standard for determining whether Plaintiff has incurred an injury for statute of limitations purposes, *id.* at 14-19; and (iv) the Water District knew about the elevated radium levels more than three (3) years before bringing suit, and its radium contamination claim is therefore time-barred pursuant to Section 214-c(2), *id.* at 21-23.

3

## II. CONCLUSION

Upon *de novo* review of the Report, and upon careful consideration of the parties' Objections and Responses, Plaintiff's Objections are overruled, and the Report is accepted in its entirety as an Order of the Court. Defendants' Motion for Partial Summary Judgment is granted.

**SO ORDERED.**

      /s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: March 31, 2016
      Central Islip, New York